# IN THE COURT OF APPEALS OF TENNESSEE
## AT JACKSON

## ANDRE WILKS V. MAXINE WILKS

### Appeal from the Circuit Court for Shelby County
### No. CT-002343-07      Jerry Stokes, Judge

### No. W2010-01114-COA-R3-CV - Filed June 7, 2011

This is an appeal of a divorce matter. We dismiss this appeal for Appellant's failure to appeal a final judgment.

### Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed

J. STEVEN STAFFORD, J., ALAN E. HIGHERS, P.J.,W.S, and DAVID R. FARMER, J.

Peggy J. Lee, Memphis, Tennessee, for the appellant, Andre Wilks

Linda Lynn Walls Holmes, Memphis, Tennessee, for the appellee, Maxine Wilks

### MEMORANDUM OPINION[1]

By Order of this Court, entered February 8, 2011, we directed Appellant Andre Wilks to obtain entry of a final judgment in the trial court within thirty (30) days of the entry of that Order or else show cause why this appeal should not be dismissed for lack of a final judgment. We noted in our Order that, pursuant to the mandates of Rule 13(b) of the Tennessee Rules of Appellate Procedure, we had reviewed the appellate record to determine if the Court had subject matter jurisdiction to hear this matter. After review, it appeared to the Court that it lacked jurisdiction because we could find nothing in the record reflecting that the trial court ever fully adjudicated Appellee Maxine Wilks' "Petition for

---

[1]Rule 10 of the Rules of the Court of Appeals of Tennessee provides:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION", shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

Civil/Criminal Contempt" filed in the trial court on January 21, 2009, or her request for permanent alimony.

Appellant then filed a motion seeking an extension of time to respond to our Order. In his motion, Appellant first contends that the "Petition for Civil/Criminal Contempt" was not addressed or ruled upon by the trial court and was therefore abandoned by Appellee and is moot. Appellant also contends that he was unable to prepare an adequate response concerning the request for permanent alimony because the Court gave no date as to when Appellee Maxine Wilks filed her request for permanent alimony. As of this date, Appellee Maxine Wilks has not filed a response to the motion.

Rule 3 of the Tennessee Rules of Appellate Procedure provides that if multiple parties or multiple claims are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not final or appealable. Except where otherwise provided, this Court only has subject matter jurisdiction over final orders. *See **Bayberry Assoc. v. Jones***, 783 S.W.2d 553 (Tenn. 1990).

It appears that Appellant failed to comply with our Order and obtain entry of a final judgment in this matter. Moreover, there is nothing currently before the Court indicating that a final judgment was entered in the trial court subsequent to our Order. Accordingly, we must dismiss this appeal for lack of a final judgment.

## Conclusion

For the foregoing reasons, we dismiss this appeal. The case is remanded to the trial court for further proceedings consistent with this opinion. Should a new appeal be filed, the Clerk of this Court shall, upon request of either party, consolidate the record in this appeal with the record filed in the new appeal. Costs of this appeal are taxed to Appellant Andre Wilks and his surety for which execution may issue if necessary.

**PER CURIAM**